S. Peter Serrano
United States Attorney
Eastern District of Washington
Brandon L. Pang
Assistant United States Attorney
825 Jadwin Ave., Suite G-60
Richland, WA 99352
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO FIGUEROA,<br><br>Defendant. | Case No.: 4:25-6005-MKD-1<br><br>United States' Sentencing Memorandum |

Plaintiff, United States of America, by and through S. Peter Serrano, United States Attorney for the Eastern District of Washington, and Brandon L. Pang, Assistant United States Attorney for the Eastern District of Washington, submits the following Sentencing Memorandum in support of its recommendation for a 120 month sentence, followed by 5 years of supervised release.

**I.    Offense Level & Criminal History**

The United States understands that at this time, there are no objections to the PSIR (ECF 86) from either party, and therefore the Court should adopt it without

US' Sentencing Memorandum - 1

change. Accordingly, the United States submits that the following calculations should apply:

    Base Offense Level:    34

    Zero Point Offender: -2

    Acceptance of Responsibility: -3

    Total Offense Level:    29

The Defendant has no known criminal convictions, and should receive a criminal history score of 0, resulting in a Criminal History Category of I.

The United States recognizes that this would result in a Guideline range of 87-108 months, but agrees with the PSIR that the resulting Guideline range is 120 months pursuant to the applicable mandatory minimum.

**II.    Departures**

The United States agrees with the PSIR that there are no factors that warrant a departure from the applicable sentencing guideline range.

**III.    18 U.S.C. § 3553(a) and Sentencing Recommendation**

At the time of sentencing, the Court must not only consider the applicable advisory guidelines, but the factors as set forth in 18 U.S.C. § 3553, which states, in relevant part, that:

> [t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider:
>     (1) the nature and circumstances of the offense and the history and

US' Sentencing Memorandum - 2

characteristics of the defendant;
(2) the need for the sentence imposed
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(1) and (2).

The nature and circumstances of the instant case are serious. Defendant facilitated the sale of thousands of fentanyl laced pills and a substantial amount of methamphetamine. The substances involved in this case cause significant harm to our community, increasing crime, fueling dependency, and potentially leading to death.

Throughout this investigation, DEA was able to complete three controlled buys of narcotics utlizing under-cover (UC) task force officers (TFOs). The Defendant was both personally involved by being present during a controlled buy, or indirectly involved by providing the UC's with the phone numbers they could contact to complete the requested drug transactions. His known involvement in drug trafficking spanned from at least September 2024 through his arrest in February 2025. But for his arrest, there is little indication that Defendant would have otherwise stopped engaging in drug trafficking.

At the same time, the United States recognizes that Defendant has no prior criminal convictions. As a result of his involvement in this case, the Defendant will

US' Sentencing Memorandum - 3

all but certainly be removed from the country following the completion of his sentence. This will also increase the potential penalty the Defendant would face if he were to ever return to the United States.

Any sentence the Court imposes is going to be significant, as the Defendant has never faced the prospect *any* term of incarceration. However, based on the totality of the circumstances, a 120 month sentence is well warranted. Such a term, followed by 5 years of supervised release is sufficient but not greater than necessary to achieve the goals of the 3553(a) factors.

For theses reasons, the United States respectfully asks that the Court follow its sentencing recommendation.

Dated: September 4, 2025.

                                                S. Peter Serrano
                                                Acting United States Attorney

                                                *s/ Brandon L. Pang*
                                                Brandon L. Pang
                                                Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.

*s/ Brandon L. Pang*
Brandon L. Pang
Assistant United States Attorney

US' Sentencing Memorandum - 5